IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lisa Waite,

        Plaintiff,

   v.

Jonathan C. Frank & Associates, PLLC, *et al.*,

        Defendants.

Case No: 2:18-cv-1499

Judge Graham

Magistrate Judge Jolson

## Opinion and Order

This matter is before the court on plaintiff Lisa Waite's second motion for default judgment against defendants Jonathan C. Frank and his firm Jonathan C. Frank & Associates, PLLC. The complaint alleges that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e by calling Mrs. Waite in November 2017 and leaving a voicemail stating that they were processing claims against her and would have them "attached to [her] name and social security number." The voicemail gave a claim number and said that a notice would be sent to her. In a phone call in January 2018, defendants stated that they were attempting to collect a consumer debt from Mrs. Waite.

Defendants were served with the complaint and have failed to plead or otherwise defend in this action. The Clerk made an entry of default. See Fed. R. Civ. P. 55(a). Defendants were served with the current motion for default judgment by regular mail.

In examining a motion for default judgment under Fed. R. Civ. P. 55(b)(2), the court accepts plaintiff's well-pled allegations as to defendants' liability as true. Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995). The court reviews "the pleadings as a whole to determine whether a 'sufficient basis' exists entitling Plaintiff to judgment pursuant to Rule 55(b)." United States v. Allen, No. 2:12-CV-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) (quoting Nishimatsu Construction Co., Ltd. v. Houston National Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

To prevail on her FDCPA claim, plaintiff must establish that: (1) she is a "consumer," (2) the "debt" arose out of a transaction which was "primarily for personal, family or household purposes," (3) the defendant is a "debt collector" and (4) defendant violated one of the prohibitions set forth in § 1692e. Bauman v. Bank of Am., N.A., 808 F.3d 1097, 1100 (6th Cir. 2015); 15 U.S.C § 1692a.

The complaint adequately alleges the first three elements of a claim. With respect to the fourth, the complaint alleges that defendants violated the Act in several regards. Plaintiff asserts that defendants did not disclose their true identity, but rather used fictious names ("Wright & Associates" and "Legal One Services") of entities that, upon investigation by plaintiff's counsel, did not appear to exist. Plaintiff also alleges that defendants failed to disclose in the November 2017 voicemail that the communication was from a debt collector. Finally, plaintiff alleges that defendants failed to provide plaintiff with debt validation information within 5 days of the initial communication.

The court finds that these allegations are well-pled and state a sufficient basis for violations under the FDCPA. See 15 U.S.C. § 1692d(6) (a debt collector may not place telephone calls "without meaningful disclosure of the caller's identity"); § 1692e(10) (debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt"); § 1692e(11) (debt collector may not fail to disclose in the initial communication that "the debt collector is attempting to collect a debt"); § 1692g(a) (debt collector must send a notice validating the debt within 5 days of the initial communication).

Turning to damages, plaintiff seeks an award of statutory damages in the amount of $1,000. The court finds that she is entitled to this amount under 15 U.S.C. § 1692k(a)(2)(A).

Plaintiff is also entitled to costs and reasonable attorney's fees under § 1692k(a)(3). Plaintiff has incurred costs in the amount of $530 for filing fees and a process server. See Doc. 11-6. Regarding attorney's fees, plaintiff has submitted the declaration of counsel along with an itemized billing statement. Upon review of these materials, the court finds that the hourly rate of counsel ($300) and the time expended (15.45 hours) are reasonable, particularly in light of counsel's utilization of paralegal staff support and the low rate ($50 an hour) charged for their services.

Accordingly, plaintiff's second motion for default judgment (doc. 11) is granted, and plaintiff is awarded $1000 in statutory damages, $530 in costs, and $5,107.50 in attorney's fees.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: June 25, 2020