**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LISA WAITE,**

        **Plaintiffs,**

    **v.**                             **Civil Action 2:18-cv-1499**
                                         **Judge James L. Graham**
                                       **Magistrate Judge Jolson**

**JONATHAN C. FRANK &**
**ASSOCIATES, PLLC et al.,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel. (Doc. 14). For the reasons that follow, Plaintiff's Motion is **GRANTED in part and DENIED in part**. Defendants are **ORDERED** to respond to Plaintiff's post-judgment interrogatories within **twenty-one (21) days** of this Opinion and Order.

## I.    BACKGROUND

Plaintiff filed the instant action on November 21, 2018, claiming Defendants violated the Fair Debt Collection Practices Act ("FDCPA") when they called her and left a voicemail stating they were processing claims against her and would have them "attached to [her] name and social security number." (Doc 1 at ¶ 8). Defendants were served with the Complaint and have thus far failed to plead or otherwise defend this action. Accordingly, the Clerk entered default on January 30, 2021. (*See* Doc. 7; *see also* Fed. R. Civ. P. 55(a)). Plaintiff then moved for default judgment. (Doc. 9). Plaintiff's first motion was denied, as she failed to properly serve it on Defendants. (Doc. 10). Shortly thereafter, however, the Court granted Plaintiff's Second Motion for Default Judgment, which was properly served on Defendants. (Doc. 12). Defendants did not respond to either Motion.

In granting default judgment, the Court held that the allegations in Plaintiff's Complaint

were "well-pled and state a sufficient basis for violations under the FDCPA." (*Id*. at 2). The Court further found that Plaintiff was entitled to an award of statutory damages in the amount of $1,000, as well as $530 in costs, and $5,107.50 in attorney's fees. (*Id*.).

In the instant Motion, Plaintiff seeks "an order compelling [] Defendants . . . to answer [her] post-judgment interrogatories or pay the judgment." (Doc. 14 at 1). Plaintiff also moves for "an additional $1,275.00 in attorney's fees expended as a result of Defendants' refusal pay the judgment and respond to post-judgment discovery." (*Id*.). The time for Defendants to respond to the Motion has long since passed. Accordingly, the Court will consider Plaintiff's Motion as unopposed and ripe for review.

## II.     STANDARD

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 37 of the Federal Rules of Civil Procedure permits a discovering party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has in good faith conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a). Rule 37 allows for a motion to compel discovery when a party fails to answer interrogatories submitted under Rule 33 or to provide proper responses to requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3).

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters.*, Inc., 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). "Relevant evidence" is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad

2

or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound, Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

## III. DISCUSSION

Up front, the Court notes that Plaintiff has complied with Rule 37's procedural requirement to certify that she conferred with Defendants in an effort to avoid court action. *See* Fed. R. Civ. P. 37(a)(1). Specifically, Plaintiff certifies that she served Defendants with her post-judgment interrogatories via Priority Mail on August 14, 2020 and again via fax on October 12, 2020. (Doc. 14 at 2). On October 15, when she still had not received a response, Plaintiff called Defendant Jonathan Frank's office phone and left a voice message advising him that she planned to file a motion to compel and to seek additional attorney's fees. (*Id.*). Again, Defendants failed to respond. Most recently, on November 12, Plaintiff mailed Defendants another copy of the post-judgment interrogatories, this time attaching a letter "advising [Defendants] that [she] would file a motion to compel and for additional attorney's fees if Defendants failed to respond to the post-judgment interrogatories or pay the judgment." (*Id*. at 3). "Defendants failed to respond." (*Id*.).

Rule 69(a) of the Federal Rules of Civil Procedure provides that "[i]n aid of the judgment . . . the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." The scope of post-judgment discovery is broad and "'the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'" *Scioto Constr., Inc., v. Morris*, No. 4:99-cv-83, 2007 WL 108906, at *2 (E.D. Tenn. Jan. 9, 2007) (quoting *British Intern. Ins. Co., Ltd. v. Seguros La*

3

*Republica, S.A.* 200 F.R.D. 586, 588 (W.D. Tex. 2000)). Given this broad scope, a party may utilize "any means of discovery allowable under the Federal Rules . . . , including interrogatories[,]" when seeking post-judgment discovery. *Id.* (citing *Sec. and Exch. Com'n v. Tome*, No. 81 CIV. 1836(MP), 1987 WL 9415, * 1 (S.D.N.Y. Apr. 3, 1987).

Here, Defendants "ha[ve] offered no [] reason for [their] failure to provide discovery nor ha[ve] [they] provided any specific objection to any discovery request." *Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 457 (S.D. Ohio 2012). In fact, despite being offered ample opportunity, Defendants have completely failed to plead or otherwise defend in this action. Accordingly, given the Court's significant discretion over the scope of discovery, Plaintiff's Motion to Compel is **GRANTED**. Defendants are **ORDERED** to respond to Plaintiff's post-judgment interrogatories within **twenty-one (21) days** of this Opinion and Order. Should Defendants fail to comply with this Order, the Court will then consider Plaintiff's request for additional attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED in part and DENIED in part**. Defendants are **ORDERED** to respond to Plaintiff's post-judgment interrogatories within **twenty-one (21) days** of this Opinion and Order.

IT IS SO ORDERED.


Date: June 3, 2021                          /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE

4